# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
ROBERT STERN,                        *
                                     *    No. 20-1270V
                  Petitioner,        *    Special Master Christian J. Moran
                                     *
v.                                   *    Filed: October 4, 2023
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
                  Respondent.        *
* * * * * * * * * * * * * * * * * * * ** *
```

Milton Clay Ragsdale, IV, Ragsdale, LLC, Birmingham, AL, for Petitioner;
Bridget Corridon, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING
## ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Robert Stern's motion for final attorneys' fees and costs. He is awarded $93,077.00.

\* \* \*

On September 25, 2020, petitioner filed for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine he received on October 29, 2018,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer lumbosacral radiculoplexus neuropathy and brachial plexopathy associated with peripheral nerve microvessel inflammation. Petitioner filed a motion for summary judgment on February 23, 2021, and respondent filed his Rule 4(c) report, intended to serve as a response to petitioner's motion, on April 9, 2021, along with an expert report from Dr. Raymond Price. Petitioner then filed an expert report from Dr. David Younger. On June 27, 2022, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2022 WL 2817097.

On December 1, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $78,840.80 and attorneys' costs of $14,236.20 for a total request of $93,077.00. Fees App. at 4. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Fees App. Ex. E. On January 18, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*     \*     \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel, Mr. M. Clay Ragsdale: $420.00 per hour for work performed in 2019, $430.00 per hour for work performed in 2020, $450.00 per hour for work performed in 2021, and $485.00 per hour for work performed in 2022; and for attorney Allison Riley, petitioner requests the rates of $305.00 per hour for work performed in 2019, $325.00 per hour for work performed in 2020, $250.00 per hour for work performed in 2021, and $375.00 per hour for work performed in 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what has previously been awarded to petitioner's counsel Vaccine Program work. See, e.g. Adaway v. Sec'y of Health & Human Servs., No. 21-1311V, 2023 WL 3477954 (Fed. Cl. Spec. Mstr. May 16, 2023). Accordingly, the requested hourly rates are reasonable.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be

objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $78,840.80.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $726.50 in attorneys' costs. Petitioner requests a total of $14,236.20 in attorneys' costs. This amount is for acquisition of medical records, the Court's filing fee, postage, and work performed by petitioner's medical expert, Dr. David Younger.

For the work of Dr. Younger, petitioner requests a total of $11,000.00, comprised of 22 hours of work billed at $500.00 per hour. Dr. Younger has been previously awarded this requested rate. See Eastman v. Sec'y of Health & Human Servs., No. 18-250V, 2023 WL5500399 (Fed. Cl. Spec. Mstr. Aug. 3, 2023). The undersigned finds no reason to reduce the requested rate and awards it herein.

The remainder of the costs have been supported by the necessary documentation and are reasonable in the undersigned's experience. Petitioner is awarded final costs of $14,236.20.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$93,077.00** (representing $78,840.80 in attorneys' fees and $14,236.20 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. M. Clay Ragsdale.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.